93 F.3d 986
 320 U.S.App.D.C. 323
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Keith Donnell BRADLEY, a/k/a PeeWee, Appellant.
 No. 94-3172.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 7, 1996.
 
 Before: SILBERMAN, GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.CIR.RULE 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court judgment filed November 23, 1994, be affirmed. The district court did not err in denying appellant's motion to suppress physical evidence. Bradley's claim that the Federal Bureau of Investigation agents were unjustified in removing him from the Toyota Land Cruiser during an investigatory stop is without merit. Appellant was a passenger in the car, without any legitimate expectation of privacy there, and was therefore without standing to challenge the search of the car. See Rakas v. Illinois, 439 U.S. 128, 148-49 (1978); United States v. Salvucci, 448 U.S. 83, 91-92 (1980); United States v. Mitchell, 951 F.2d 1291, 1298 (D.C.Cir.1991), cert. denied, 504 U.S. 924 (1992). Equally without merit is appellant's assertion that he was unreasonably seized by the agents, who made a valid investigatory stop. See Terry v. Ohio, 392 U.S. 1, 27 (1968); Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1327 (9th Cir.1995) (passenger may be ordered to exit car, since danger to police officer confronting seated passenger is at least as great as when officer confronts seated driver). Moreover, the agents' belief that Bradley and the driver of the car had just completed a narcotics transaction and might be armed justified the agents' use of guns in making the stop. See United States v. White, 648 F.2d 29, 31 (D.C.Cir.) (police responding to tip regarding drug activity made investigatory stop by partially blocking appellant's car and approaching driver with weapon drawn), cert. denied, 454 U.S. 924 (1981). Further, the pistol discovered upon removing Bradley from the car would have inevitably been discovered during any search made incident to the driver's arrest. See New York v. Belton, 453 U.S. 454, 460 (1981). Finally, appellant fails to demonstrate that his trial counsel's performance was deficient, or resulted in prejudice to appellant. See Strickland v. Washington, 466 U.S. 668, 697 (1984).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.CIR.RULE 41.